# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MICHAEL BEWLEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CVS HEALTH CORPORATION, *et al.*, <br><br> Defendants. | Case No. C17-802RSL <br><br> ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER |

This matter comes before the Court on "Defendants' Motion to Transfer This Action to the District of New Jersey." Dkt. # 44. Defendants assert that this case should be transferred pursuant to the first-to-file rule or 28 U.S.C. § 1404(a) because multiple similar actions have already been filed in that district.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

---

[1] This matter can be decided on the papers submitted. The request for oral argument is DENIED.

ORDER GRANTING
DEFENDANTS' MOTION
TO TRANSFER - 1

# BACKGROUND

On March 17, 2017, a class action lawsuit was filed in the District of New Jersey alleging collusion between pharmacy benefit managers ("PBMs") and drug manufacturers to unlawfully inflate the price of insulin, a life-saving drug used to treat diabetes. Boss, *et al.* v. CVS Health Corp., *et al.*, No. 17C-1823 (D.N.J.) ("Boss"). Four other class action lawsuits related to the pricing of insulin were also filed in the District of New Jersey around this same time.[2] While waiting for the court in New Jersey to appoint interim lead counsel,[3] the Boss attorneys filed three separate lawsuits in other districts.

On May 23, 2017, Johnson v. OptumRx Inc., *et al.*, No. C17-900 was filed in the Central District of California. On May 24, 2017, this case and Prescott, *et al.* v. CVS Health Corp., *et al.*, No. C17-803, were filed here in the Western District of Washington. These cases allege the same collusion between PBMs and drug manufacturers, but they involve different diabetes medications and supplies besides insulin. In the present case, plaintiffs allege that defendants conspired to unlawfully inflate the price of glucagon, a medicine for the emergency treatment of people with diabetes who experience severe hypoglycemia.[4]

---

[2] See In re Insulin Pricing Litig., No. 17C-699 (D.N.J. filed Feb. 2, 2017); Barnett, *et al.* v. Novo Nordisk Inc., *et al.*, No. 17C-1580 (D.N.J. filed Mar. 8, 2017); Christensen, *et al.* v. Novo Nordisk Inc., *et al.*, No. 17C-2678 (D.N.J. filed Apr. 20, 2017); and Carfagno v. Novo Nordisk Inc., No. 17C-3407 (D.N.J. filed May 12, 2017).

[3] On September 18, 2017, Judge Martinotti appointed Steve W. Berman of Hagens Berman and James E. Cecchi of Carella Byrne as interim lead counsel. Boss, No. 17C-1823, Dkt. # 36 (D.N.J. filed Mar. 17, 2017).

[4] The Johnson complaint concerns Victoza, another drug used to treat diabetes. The Prescott complaint concerns glucose test strips, a medical product for diabetes patients to monitor their blood sugar.

ORDER GRANTING
DEFENDANTS' MOTION
TO TRANSFER - 2

Defendants ask this Court to transfer the case to the District of New Jersey under the first-to-file rule. Alternatively, defendants request a transfer under 28 U.S.C. § 1404(a).[5]

**DISCUSSION**

Courts "usually avoid duplicative litigation when similar cases are pending in two different federal courts." R.R. Street & Co. v. Transport Ins. Co., 656 F.3d 966, 974-975 (9th Cir. 2011). "The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly. When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity." Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1239-1240 (9th Cir. 2015) (internal citations, quotation marks, and alterations omitted). The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 844 (9th Cir. 1986).

In deciding whether to transfer under the first-to-file rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." Kohn, 787 F.3d at 1240. It is undisputed that the Boss complaint was filed more than two months before the instant action.

---

[5] Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Because the Court finds that transfer is warranted under the first-to-file rule, the Court does not address whether transfer would be appropriate pursuant to § 1404(a).

ORDER GRANTING
DEFENDANTS' MOTION
TO TRANSFER - 3

The first-to-file also rule requires substantial similarity between parties. Id. In the context of class actions, the district court should compare the putative classes rather than the named plaintiffs to see whether the classes represent at least some of the same individuals. See Pedro v. Millennium Prod., Inc., No. 15C-5253, 2016 WL 3029681, at *3-4 (N.D. Cal. May 27, 2016); see also Adoma v. Univ. of Phoenix, Inc., 711 F. Supp. 2d 1142, 1147-1148 (E.D. Cal. 2010). In the present case, there are three named plaintiffs: Michael Bewley, Julia Boss, and Type 1 Diabetes Defense Foundation.[6] These plaintiffs propose to represent the following four classes who purchased glucagon: the Non-ERISA Employee/Exchange Plan Class; the ERISA class; the Medicare Class; and the Uninsured Class. Dkt. # 1 at ☐ 189. The Boss complaint lists five named plaintiffs, including both Julia Boss and Type 1 Diabetes Defense Foundation. Boss, No. 17C-1823, Dkt. # 1 (D.N.J. filed Mar. 17, 2017). Plaintiffs in Boss propose to represent the same four types of classes, except those classes purchased insulin rather than glucagon. Id. at ☐ 204. In both cases, the classes consist of persons who purchased medication, insulin and/or glucagon, for diabetes treatment. Further, the fact that two of the three named plaintiffs in the present action are also named plaintiffs in Boss indicates that the glucagon classes and the insulin classes will include at least some of the same individuals. The Court finds that the plaintiffs in both cases are substantially similar to warrant transfer.

---

[6] Plaintiff Michael Bewley lives in New York. Plaintiffs Julia Boss and Type 1 Diabetes Defense Foundation currently live and are organized in Oregon.

Additionally, all nine defendants in this case are also listed as defendants in the Boss complaint.[7] The Boss complaint includes one additional defendant, Sanofi-Aventis U.S. LLC, a Delaware company headquartered in Bridgewater, New Jersey. Id. at ¶ 46. The presence of one additional defendant, however, does not change the fact that the parties on the whole are substantially similar. See Kohn, 787 F.3d at 1240 ("We conclude that the omission of [a defendant] from the present action does not defeat application of the first-to-file rule."). The Court finds that plaintiffs and defendants in this case are substantially similar to the Boss action to warrant transfer.

Finally, the Court finds that the similarity of the issues also weighs in favor of transfer. The present case alleges an unlawful pricing scheme between PBMs and drug manufacturers with respect to glucagon. The Boss complaint alleges the same unlawful pricing scheme, except Boss concerns insulin. In both cases, plaintiffs assert claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), the Sherman Act, the Employee Retirement Income Security Act (ERISA), various state consumer protection laws, and common law fraud and unjust enrichment. Dkt. # 1; Boss, No. 17C-1823, Dkt. # 1 (D.N.J. filed Mar. 17, 2017). In their complaint, plaintiffs acknowledge that the inflated prices of insulin and glucagon are caused by the same conduct. See Dkt. # 1 at ¶ 12 ("Like the skyrocketing price of insulin, the list prices of glucagon are artificially inflated as a result of a scheme, enterprise, and price-fixing conspiracy among the [defendants.]"). Plaintiffs' opposition briefing stresses that glucagon and insulin "are

---

[7] In the Boss complaint, Caremark Rx, Inc. is not listed in the caption but is included as a named defendant at ¶ 40. Boss, No. 17C-1823, Dkt. # 1 (D.N.J. filed Mar. 17, 2017).

different drugs, with different purposes" (Dkt. # 52 at 1), but this argument ignores that both complaints allege the same unlawful conduct between the same defendants.[8] Even though insulin and glucagon are different, the Court finds that the underlying issues in both cases are substantially similar to warrant transfer.

## CONCLUSION

For all of the foregoing reasons, defendants' motion to transfer (Dkt. # 44) is GRANTED. The Clerk of Court is directed to TRANSFER this matter to the United States District Court for the District of New Jersey as being related to Boss, *et al.* v. CVS Health Corp., *et al.*, No. 17C-1823 (D.N.J. filed Mar. 17, 2017).

Dated this 7th day of November, 2017.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[8] On September 18, 2017, the Honorable David O. Carter, District Judge, transferred Johnson, a similar action filed by plaintiffs' attorneys, to the District of New Jersey based on the first-to-file rule. In that case, the drug at issue was Victoza, another medication for the treatment of diabetes. Even though Victoza and insulin are different, the court concluded that the issues were similar because of "the same types of legal claims brought by analogous plaintiff classes who are seeking the same types of damages for the same type of conduct by the same defendants." Johnson v. OptumRx Inc., *et al.*, No. C17-900, Dkt. # 56 (C.D. Cal. filed May 23, 2017).